UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-60677-BLOOM/Reid

PETER DAVIS,

    Plaintiff,

v.

SHERIFF GREGORY TONY, *et al.*,

    Defendants.
_____/

### ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, MOTION TO APPOINT COUNSEL, AND REQUIRING AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon the *pro se* Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3] (the "IFP Motion"), filed in conjunction with Plaintiff's Complaint, ECF No. [1] (the "Complaint"), and his Motion for Appointment of Counsel, ECF No. [2] ("Motion for Counsel"). Plaintiff Peter Davis ("Plaintiff" or "Davis") is currently confined in a correctional institution and has not paid the required filing fee; thus, the provisions of 28 U.S.C. § 1915(a) and § 1915(A) are applicable. The Court has carefully reviewed the Complaint, the Motion, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the IFP Motion and Motion for Counsel are denied, and Plaintiff must file an Amended Complaint in accordance with this Order.

Fundamental to our conception and system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit

that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

Plaintiff is currently confined in a correctional institution. Pursuant to statute,

> [a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). The six-month account statement is needed because pursuant to § 1915(b), if a prisoner brings a civil action *in forma pauperis*, the prisoner must be required to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). Plaintiff does not attach any such statement to his IFP Motion, and therefore he has failed to comply with statutory requirements.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, upon a motion to proceed *in forma pauperis* by a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity, the Court is required to examine and dismiss a complaint or any portion of a complaint if it "(i) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. If the Court determines

that the complaint satisfies any of the enumerated circumstances the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

The Complaint in this case must be dismissed because it fails to state a claim. Plaintiff's Complaint is neither short, nor does is contain a plain statement of his claims. Rather, the Complaint spans over eighty (80) pages of repetitive and often irrelevant facts and legal conclusions, making it unclear exactly what claims he intends to assert and against which named

Defendant. As such, the Court will require Plaintiff to file an Amended Complaint, setting forth the facts relevant to each of his claims, and stating each claim in a separate numbered count, as required by applicable federal pleading rules. *See* Fed R. Civ. P. 8, 10. Plaintiff must state clearly the actions each named Defendant took that he contends violate 28 U.S.C. § 1983 and/or give rise to his claims under state law, the dates on which the actions/incidents occurred, and where the actions/incidents occurred. Plaintiff is advised that conclusory and general assertions are not sufficient to state a claim upon which relief can be granted. The amended complaint must include all of Plaintiff's claims in this action; and should not refer back to the original Complaint. Plaintiff is further advised that the Court will consider only the claims set forth in the amended complaint and only those Defendants against whom Plaintiff makes a specific allegation.

Plaintiff also requests that the Court appoint counsel to represent him in this case in the Motion for Counsel. A plaintiff has no constitutional right to counsel in a civil case, and the decision to appoint counsel is in the court's discretion. *Suggs v. United States*, 199 F. App'x 804, 807 (11th Cir. 2006). Counsel should only be appointed in "exceptional circumstances." *Id.* (citing *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992)). Exceptional circumstances exist for example when there are "facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quoting *Poole v. Lambert*, 819 F.2d 1025,1028 (11th Cir. 1987)) (quotations and alteration omitted). "'The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court.'" *Suggs*, 199 F. App'x at 807 (quoting *Kilgo*, 983 F.2d at 193). After reviewing the Complaint, the Court does not find this case presents such exceptional circumstances that counsel should be appointed. Nevertheless, Plaintiff may request a referral to the Volunteer Attorney Program, where a volunteer attorney may accept the representation on a *pro bono* basis if so

desired.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The IFP Motion, **ECF No. [4]**, is **DENIED WITHOUT PREJUDICE**.

2. The Motion for Counsel, **ECF No. [2]**, is **DENIED**.

3. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff may file an Amended Complaint, **on or before April 30, 2020**. Plaintiff is cautioned that the failure to comply with any portion of this Order may result in the dismissal of this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 7, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Peter Davis, *pro se*
381701573
Paul Rein Detention Facility D7
P.O. Box 407003
Fort Lauderdale, FL 33360