UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-60677-BLOOM/Reid

PETER DAVIS,

    Plaintiff,

v.

SHERIFF GREGORY TONY, *et al.*,

    Defendants.

_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon *pro se* Plaintiff's Motion for Reconsideration, ECF No. [8] ("Motion"). The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam)).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th

Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted).

In the Motion, Plaintiff appears to be requesting that the Court reconsider its dismissal of Plaintiff's Complaint. *See* ECF No. [6] ("Order"). However, the Motion fails to address any of the three potential grounds justifying reconsideration and therefore fails to set forth any ground warranting reconsideration. The Court afforded Plaintiff the opportunity to file an amended complaint and provided guidance with respect to the requirements for filing the amended complaint. Plaintiff has filed an Amended Complaint, ECF No. [7], which the Court will properly evaluate pursuant to 28 U.S.C. § 1915A and the Order's requirements once Plaintiff either requests, and is granted permission to, proceed *in forma pauperis*, or pays the applicable filing fee.

To the extent that Plaintiff is requesting reconsideration of the denial of his motion to proceed *in forma pauperis*, as the Court noted in the Order, Plaintiff failed to attach the necessary six-month account statement. The instant Motion does not address the deficiency. Thus, if Plaintiff intends to request leave to proceed *in forma pauperis*, he must file a new motion including the necessary information and six-month account statement, as required by statute. *See* 28 U.S.C. § 1915(a)(2). Otherwise, Plaintiff must pay the applicable filing fee.

Case No. 20-cv-60677-BLOOM/Reid

Accordingly, Plaintiff's Motion, **ECF No. [8]**, is **DENIED**. Plaintiff may file a new motion to proceed *in forma pauperis*, or pay the applicable filing fee, **no later than May 14, 2020**. Plaintiff is cautioned that the failure to do so will result in dismissal of this case without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 29, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Peter Davis, *pro se*
381701573
Paul Rein Detention Facility D7
P.O. Box 407003
Fort Lauderdale, FL 33360