UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-60677-BLOOM/Reid

PETER DAVIS,

    Plaintiff,

v.

SHERIFF GREGORY TONY, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT, AND DISMISSING CASE

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Peter Davis's ("Plaintiff") Motion for Leave to File an Amended Complaint, ECF No. [11] ("Motion to Amend"), and Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [12] (the "IFP Motion"), with a supporting inmate bank statement, ECF No. [13]. The Court has carefully considered the Motion to Amend, the IFP Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motions are denied and this case is dismissed.

### I.    Proceeding *in forma pauperis*

Fundamental to our conception and system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas*

*v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

Here, Plaintiff is entitled to proceed *in forma pauperis* to the extent that he need not prepay even a partial filing fee in this case or prepay costs. However, because the Court determines that this case must be dismissed following screening as set forth below, the IFP Motion will be denied as moot.

## II.     Screening

Plaintiff is currently confined in a correctional institution. Because Plaintiff is a prisoner, and proceeding *in forma pauperis*, his Amended Complaint must be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007). The Court is required to examine and dismiss a complaint or any portion of a complaint if it "(i) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. If the Court determines that the complaint satisfies any of the enumerated circumstances, the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual

enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

In the Amended Complaint, Plaintiff alleges violations of his Fourth Amendment rights, the Administrative Procedures Act, false imprisonment, and violation of his rights under the Florida Constitution. Each claim arises from his continued detention in state custody pursuant to an immigration hold. In pertinent part, Plaintiff alleges that he was arrested on September 15, 2017 by the Hallandale Beach Police Department, accused and charged with felony offenses, and transported to Broward County Main Jail. *See* ECF No. [7] ¶ 11. At the time he was booked in at the jail, Plaintiff's fingerprints were sent to the Federal Bureau of Investigation ("FBI"), which in turn forwarded Plaintiffs biometric information to the Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE"). *Id*. ¶ 13. Plaintiff is a citizen of the Bahamas. At the time he was initially booked, there were no flags, warrants or actions directed to the Broward Sheriff's Office ("BSO"), or DHS/ICE with respect to Plaintiff. *Id*. ¶ 14. Plaintiff alleges further that he posted bond and bonded out of jail on September 21, 2017, but at a status hearing held on October 23, 2017, he was informed of a change in the charges against him and was remanded back

into custody. *Id.* ¶¶ 15-16.

According to Plaintiff, upon being re-booked into state custody, there were no holds or warrants pending from any agencies or counties. *Id.* ¶ 17. As a result, Plaintiff's attorney proceeded to coordinate with the bond company to arrange for Plaintiff to remain on bond with respect to the new charges. *Id.* ¶ 18. According to Plaintiff, he saw and spoke to a DHS/ICE officer a couple of days later but was not informed that he was subject to a warrant or immigration hold. *Id.* ¶ 19. Nevertheless, shortly thereafter, he was informed by the bond company that BSO was reporting an immigration hold, and that Plaintiff could no longer bond out of custody. *Id.* ¶¶ 20-21. Plaintiff has never been provided with a copy of any documentation from BSO, DHS or ICE to explain why he is subject to an immigration hold. *Id.* ¶ 24. Plaintiff has since been transferred to another facility, where he continues to be held, despite a Broward County court order noting that the bond discharged on September 26, 2017 was done in error. *Id.* ¶¶ 25-26. As a result, Plaintiff has been unable to secure pretrial release, and has been unsuccessful in his attempts to remove the hold. *Id.* ¶¶ 28-29, 31-32.

Plaintiff asserts claims against Sheriff Gregory Tony ("Sheriff"), BSO, DHS, and ICE (collectively, "Defendants"), seeking, in pertinent part, declarations that Defendants' actions violate Plaintiff's rights and the law, a permanent injunction against Defendants enjoining them from continuing to detain him and placing holds on his jail roster, an order directing the immediate removal of the immigration hold from Plaintiff's jail roster and Plaintiff's release, in addition to a stay of removal, damages, and attorney's fees and costs.

Upon review, the Court determines that this case must be dismissed pursuant to abstention principles. Courts do not generally interfere with ongoing state court proceedings in which a plaintiff is represented by an attorney. Review of the relevant records reveals that the charges for

4

which Plaintiff was remanded into custody by the state court, and subsequent to which the immigration hold was placed on Plaintiff, are still pending in the state court.[1] In the state court case, Broward County Case Number 17010564CF10A, Plaintiff has been charged with two counts of lewd and lascivious battery (Counts 1 and 3), both second degree felonies, and one count of attempted lewd or lascivious battery (Count 2), a third degree felony. No trial has been held to date and Plaintiff has not be convicted of the offenses. In addition, Plaintiff is represented by counsel.

"[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings." *Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) (citation omitted). "Since the beginning of this country's history, Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal court." *Younger v. Harris*, 401 U.S. 37, 43, (1971). "Under the *Younger* doctrine, federal courts are required to abstain if the state criminal prosecution commenced before any proceedings of substance on the merits have taken place in federal court, or if the federal case is in an embryonic stage and no contested matter has been decided." *Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. 2013) (internal quotations and citation omitted). "The *Younger* abstention doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights." *Id.* (citing *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.7 (11th Cir. 2004).

Under *Younger*, absent "extraordinary circumstances a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *See Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983). Principles of equity, comity and federalism

---

[1] The Court takes judicial notice of the Broward County Circuit Court's online docket, which can be found at https://browardclerk.org/Web2. *See* Fed. R. Evid. 201.

warrant abstention in deference to ongoing state proceedings. "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)). Moreover, "[f]ederal courts have consistently recognized th[e] limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." *Hughes*, 377 F.3d at 1263. The exceptions to the *Younger* abstention doctrine are when: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id*. at 1263 n.6 (citing *Younger*, 401 U.S. at 45, 53-54).

Here, Plaintiff has not provided a sufficient reason for this court to overlook the principles of abstention. Indeed, as alleged, his continued detention arises from the immigration hold placed upon him due to the charges he faces in state court. The specific procedures Plaintiff challenges with respect to how his case and detention is processed implicates important state interests, and he may present his constitutional claim (in addition to his state law and constitutional claims) through counsel in the state proceedings. Moreover, none of the exceptions to the application of *Younger* abstention applies.[2] As a result, this case must be dismissed.

### III. Leave to amend

In addition, Plaintiff requests leave to file another amended pleading, to provide more facts

---

[2] In addition, to the extent that Plaintiff seeks to challenge the fact or duration of his confinement, he must do so by filing a proper petition for habeas corpus, not by way of a § 1983 claim. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Pre-trial habeas petitions are properly presented pursuant to 28 U.S.C. § 2241, which applies to persons in custody, regardless of whether final judgment has been rendered. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (citation omitted).

and assert an additional claim for violation of his Eighth Amendment rights against BSO and the Sheriff arising from the failure, at the facility where he is housed, to provide proper protective and social distancing measures to address the current COVID-19 pandemic. In combination with the failure to remove the immigration hold applicable to him so that he may bond out of jail, Plaintiff contends that BSO and the Sheriff's failures amount to cruel and unusual punishment and deliberate indifference.

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In any event, "the grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Because Plaintiff's proposed Eighth Amendment claim depends upon his claims regarding the validity of the immigration hold arising from pending state court proceedings, the Court's abstention analysis applies to the new proposed claim and remains unchanged by the additional facts alleged. As a result, the proposed amendment would be futile.

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Amend, **ECF No. [11]**, is **DENIED**.

2. The IFP Motion, **ECF No. [12]** is **DENIED AS MOOT**.

3. To the extent that Plaintiff has requested assistance with his case, which the Court construes as a request for referral to the Volunteer Attorney Program, *see* ECF No. [10], such request is **DENIED AS MOOT**.

4. The Amended Complaint, **ECF No. [7]**, is **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**.

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 18, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Peter Davis, *pro se*
381701573
Paul Rein Detention Facility D7
P.O. Box 407003
Fort Lauderdale, FL 33360