UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-60677-BLOOM/Reid

PETER DAVIS,

    Plaintiff,

v.

SHERIFF GREGORY TONY, *et al.*,

    Defendants.
    _____/

## ORDER

**THIS CAUSE** is before the Court on *pro se* Plaintiff Peter Davis's Motion to Alter or Amend the Judgment, ECF No. [16], which the Court construes as a motion for reconsideration.

The Court assumes the readers' familiarity with its May 15, 2020 Order dismissing Plaintiff's Amended Complaint, ECF No. [7], and does not repeat the factual background or legal analysis here. Briefly, Plaintiff, a prisoner, alleges false imprisonment and violations of his Fourth Amendment rights, his rights under the Florida Constitution, and the Administrative Procedures Act due to his continued detention in state custody pursuant to an immigration hold. *See* May 18, 2020 Order 3. According to Plaintiff, the immigration hold is preventing him from bonding out of detention. *See id.* 4.

The Court dismissed the Plaintiff's Amended Complaint pursuant to abstention principles, noting "review of the relevant records reveals the charges for which Plaintiff was remanded into custody, and subsequent to which the immigration hold was placed on Plaintiff, are still pending in the state court." *Id.* 5 (footnote call number omitted). The Court reasoned the "*Younger* doctrine requires federal courts to abstain from exercising jurisdiction 'if the state criminal prosecution

commenced before any proceedings of substance on the merits have taken place in federal court, or if the federal case is in an embryonic stage and no contested matter has been decided." *Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. 2013) (internal quotations and citation omitted).  The Court also denied Plaintiff leave to file an amended pleading, finding Plaintiff's proposed additional Eighth Amendment claim would be subject to the same abstention analysis.  *See* May 15, 2020 Order 7.

Plaintiff filed his present Motion on June 1, 2020, averring "there are 'several misstatements of misunderstandings' in the Court's discussion[.]" Mot. 1. On June 16, 2020, Plaintiff filed a Notice of Appeal of the May 15, 2020 Order to the Eleventh Circuit Court of Appeals. ECF No. [19],

"Reconsideration is granted only in extraordinary circumstances and is committed to the sound discretion of the district judge."  *Reiseck v. Universal Commc'ns of Miami, Inc*., 141 F. Supp. 3d 1295, 1301 (S.D. Fla. 2015) (internal quotation marks and citations omitted).  "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  *Burger King Corp. v. Ashland Equities, Inc*., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (alteration added; citations omitted).  "A motion for reconsideration is not an opportunity for the moving party and their [sic] counsel to instruct the court on how the court 'could have done it better' the first time."  *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).  It is "an improper use of[] the motion to reconsider to ask the Court to rethink what the Court . . . already thought through — rightly or wrongly[.]"  *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted; first and last alterations added).

Plaintiff's reconsideration motion appears to rely on the third ground — clear error or manifest injustice. According to Plaintiff, his immigration hold is unrelated to the state charges against him. *See* Mot. ¶ 2 ("[t]he actions of DHS were made pursuant to [Plaintiff's] encounter with DHS/ICE in 2012, not because of the state charges[.]"). Plaintiff states he "is not asking [the] Honorable Court to interfere with the state criminal case" against him and therefore argues the Court's dismissal of his case based on abstention principles was in error. *Id.* ¶ 12. Plaintiff insists "all is in order" in the state Court with regard to his pre-trial release, "but the state court cannot address [Plaintiff's] constitutional claims, nor can the state court order [the Broward Sherriff's Office] to remove the ICE 'hold' from his jail roster[.]" *Id.* ¶ 13.

Plaintiff misunderstands the Court's May 18, 2020 Order. The Court did not find Plaintiff's immigration hold is related to Plaintiff's state criminal charges, but that the Court must abstain from exercising its jurisdiction because were it to interfere in the manner Plaintiff requests — by declaring that Plaintiff's continued detention violates his rights under the United States Constitution and Florida law, granting a permanent injunction enjoining the Broward Sherriff's Office from "seizing, detaining, arresting or reporting/placing ICE/DHS holds on Plaintiff's jail roster without criminal probable cause," Am. Compl. ¶ F, and ordering Plaintiff's immediate release, among other actions, *see id.* ¶¶ A–E, G–I — it would violate the *Younger* abstention doctrine. *See Sanchez v. State of Fla.*, No. 8:09-cv-1223-T-30TBM, 2009 WL 1953002, at *2 (M.D. Fla. July 6, 2009) (denying a state habeas petitioner's request to "lift [an] immigration hold" and noting "[the p]etitioner has a state judicial action pending, the pending action implicates important state interests, and the state action is capable of addressing any federal constitutional questions. Therefore, the *Younger* abstention doctrine applies[.]").

Plaintiff insists "the state court cannot address [his] constitutional claims, nor can the state

court order [the Broward Sherriff's Office] to remove the ICE 'hold' from his jail roster, nor order a stay of the removal order pursuant to 8 U.S.C. [section] 1101 and 8 C.F.R [section] 215(3)(g) until the conclusion of the criminal case," Mot. ¶ 13, but Plaintiff does not explain the basis for his contention.  The state court is capable of considering Plaintiff's constitutional claims, including whether continued detention by the state court pursuant to an 'immigration hold' violates Plaintiff's Fourth Amendment rights.  Moreover, Plaintiff's request that the Court order a "[s]tay of the [o]rder of [r]emoval," Am. Compl. ¶ K, is unavailing because Plaintiff has not developed the factual or legal record to show he is subject to an erroneous removal order or otherwise entitled to a stay of removal.

The procedurally proper course of action is for Plaintiff to address his state law and constitutional claims regarding his continued detention in state court.  Accordingly, it is

**ORDERED AND ADJUDGED** that *pro se* Plaintiff Peter Davis's Motion to Alter or Amend the Judgment, **ECF No. [16]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 9, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Peter Davis, *pro se*
381701573
Paul Rein Detention Facility D7
P.O. Box 407003
Fort Lauderdale, FL 33360