UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-60677-BLOOM/Reid

PETER DAVIS,

    Plaintiff,

v.

SHERIFF GREGORY TONY, *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION LEAVE TO APPEAL IN FORMA PAUPERIS, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

**THIS CAUSE** is before the Court on *pro se* Plaintiff Peter Davis's Motion for Permission to Appeal In Forma Pauperis ("IFP Motion"), ECF No. [29], and Motion for Appointment of Counsel ("Motion for Appointment") ECF No. [30].

Plaintiff has been confined in pre-trial detention for 2 years and 10 months awaiting trial in state court.[1] *See* IFP Mot. 4; Am. Compl., ECF [7] ¶ 16 (alleging Plaintiff was remanded into custody on October 23, 2017). Plaintiff alleges false imprisonment and violations of his Fourth Amendment rights, his rights under the Florida Constitution, and the Administrative Procedures Act due to his continued detention in state custody pursuant to an immigration hold. *See generally* Am. Compl.; May 18, 2020 Order, ECF No. [14].[2] According to Plaintiff, the immigration hold is preventing him from bonding out of detention. *See* Am. Compl. ¶¶ 15–19.

On May 18, 2020, the Court dismissed Plaintiff's Amended Complaint pursuant to the

---

[1] The Court takes judicial notice of the Broward County Circuit Court's online docket, which can be found at https://browardclerk.org/Web2. SeeFed. R. Evid. 201.

[2] The Court assumes the reader's familiarity with the facts and legal issues summarized in the Court's May 18, 2020 Order. *See id.* 2–6.

*Younger* abstention doctrine, finding that exercising jurisdiction would interfere with Plaintiff's ongoing criminal case in state court. *See* May 18, 2020 Order 5 (quoting *Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. 2013) ("Under the Younger doctrine, federal courts are required to abstain if the state criminal prosecution commenced before any proceedings of substance on the merits have taken place in federal court, or if the federal case is in an embryonic stage and no contested matter has been decided.")). In July 9, 2020 Order, ECF No. [23]. the Court denied Plaintiff's Motion to Alter or Amend Judgment ("Motion to Alter"), ECF No. [16]. Plaintiff filed a Notice of Appeal, ECF No. [25], on July 21, 2020.

### A. Motion to Appeal In Forma Pauperis

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. section 1915 and Federal Rule of Appellate Procedure 24. A court of the United States may authorize a party to proceed *in forma pauperis* upon an affidavit of indigency. 28 U.S.C. § 1915(a); *see* Fed. R. App. P. 24(a)(1). An appeal, however, "may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A party who seeks appellate review of an issue does so in good faith if the issue is not frivolous from an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An *in forma pauperis* action is frivolous "if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citation and internal quotation marks omitted). Alternatively, where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. *See Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

Based on the record, Plaintiff's IFP Motion and accompanying Account Activity Ledger, ECF No. [29] 5–10, the Court finds Plaintiff indigent and the basis for his appeal is not frivolous. Therefore, the appeal is taken in good faith under section 1915(a)(3).

B.  **Motion for Appointment of Counsel**

"Prisoners raising civil rights claims, like other civil litigants, have no absolute constitutional right to counsel." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quoting *Poole v. Lambert,* 819 F.2d 1025, 1028 (11th Cir.1987)). "The appointment of counsel is . . . a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Poole*, 819 F.2d 1025, 1028 (11th Cir. 1987) (citations omitted). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *Kilgo*, 983 F.2d 189, 193 (11th Cir. 1993).

While the facts of Plaintiff's case, including the source of his immigration hold, the state detention center's procedure for processing the same, the interplay between the state detention center and federal immigration authorities regarding immigration holds, and the available bond options, *see generally* Am. Compl., are far from simple; Plaintiff's legal issue — whether the Court must abstain from exercising its jurisdiction under abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) — is straightforward.

As noted in its July 9, 2020 Order, the *Younger* abstention doctrine applies when "the state action is capable of addressing the federal constitutional question." *Sanchez v. State of Fla.*, No. 8:09-CV-1223-T-30TBM, 2009 WL 1953002, at *1 (M.D. Fla. July 6, 2009). Plaintiff argues "the state court *cannot* address [his] constitutional claims, nor can the state court order [the Broward Sherriff's Office] to remove the ICE 'hold' from his jail roster[.]" Mot. to Alter J. ¶ 13. (emphasis added). This appears to be a jurisdictional argument — i.e. because Plaintiff's constitutional claims are entangled with his immigration status, the State Court lacks jurisdiction to hear them or authority to issue a remedy implicating federal immigration procedures. While this question may,

as Plaintiff insists, "require significant research [and] investigation," Mot. for Appointment 1, it is not so "novel and complex," *Poole*, 819 F.2d at 1028, that it differentiates Plaintiff's case from any other incarcerated Plaintiff bringing a section 1983 action.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. *Pro se* Plaintiff Peter Davis's Motion for Permission to Appeal In Forma Pauperis **ECF No. [29]** is **GRANTED**.

2. Plaintiff's Motion for Appointment of Counsel **ECF No. [30]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 29, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Peter Davis, *pro se*
381701573
Paul Rein Detention Facility D7
P.O. Box 407003
Fort Lauderdale, FL 33360