UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-60677-BLOOM

PETER DAVIS,

    Plaintiff,

v.

SHERIFF GREGORY TONY, *et al.*,

    Defendants.

_____/

## ORDER UPON REMAND

**THIS CAUSE** is before the Court following issuance of a Mandate, ECF No. [38], from the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit vacated this Court's order dismissing the Amended Complaint, ECF No. [14] ("Order"), and remanded for further proceedings.

In the Amended Complaint, Plaintiff alleges violations of his Fourth Amendment rights, the Administrative Procedures Act, false imprisonment, and violation of his rights under the Florida Constitution, arising from his continued detention in state custody pursuant to an immigration hold. In pertinent part, Plaintiff alleges that he was arrested on September 15, 2017 by the Hallandale Beach Police Department, arrested for felony offenses, and transported to Broward County Main Jail. *See* ECF No. [7] ¶ 11. At the time he was processed at the jail, Plaintiff's fingerprints were sent to the Federal Bureau of Investigation ("FBI"), which in turn forwarded Plaintiffs biometric information to the Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 13. Plaintiff is a citizen of the Bahamas. According to Plaintiff, at the time he was initially processed, there were no flags, warrants, or

actions directed to the Broward Sheriff's Office ("BSO") or DHS/ICE with respect to Plaintiff. *Id.* ¶ 14. Plaintiff alleges that he was bonded out of jail on September 21, 2017, but at a status hearing held on October 23, 2017, he was informed of a change in the charges against him and was remanded back into custody. *Id.* ¶¶ 15-16.

According to Plaintiff, upon being re-booked into state custody, there were no holds or warrants pending from any agencies or counties. *Id.* ¶ 17. As a result, Plaintiff's attorney proceeded to coordinate with the bond company for Plaintiff to remain on bond with respect to the new charges. *Id.* ¶ 18. According to Plaintiff, he saw and spoke to a DHS/ICE officer a couple of days later but was not informed that he was subject to a warrant or immigration hold. *Id.* ¶ 19. Nevertheless, shortly thereafter, he was informed by the bond company that BSO was reporting an immigration hold, and that Plaintiff could no longer bond out of custody. *Id.* ¶¶ 20-21. Plaintiff has never been provided with a copy of any documentation from BSO, DHS or ICE to explain why he is subject to an immigration hold. *Id.* ¶ 24. Plaintiff has since been transferred to another facility, where he continues to be held, despite a Broward County court order noting that the bond discharged on September 26, 2017 was done in error. *Id.* ¶¶ 25-26. As a result, Plaintiff has been unable to secure pretrial release and has been unsuccessful in his attempts to remove the hold. *Id.* ¶¶ 28-29, 31-32.

Plaintiff therefore asserts claims against Sheriff Gregory Tony ("Sheriff"), BSO, DHS, and ICE (collectively, "Defendants"), seeking, in pertinent part, declarations that Defendants' actions violate Plaintiff's rights and the law, a permanent injunction against Defendants enjoining them from continuing to detain him and placing holds on his jail roster, an order directing the immediate removal of the immigration hold from Plaintiff's jail roster, and Plaintiff's release, in addition to a stay of removal, damages, and attorney's fees and costs.

Upon review, the Court previously determined in its Order that dismissal was warranted pursuant to *Younger* abstention because there were ongoing state criminal proceedings, and that Plaintiff's challenge of detention procedures implicated important state interests. On appeal however, the Eleventh Circuit noted that, although this Court had found that interfering in the manner Plaintiff requested would violate *Younger* abstention doctrine, this Court had not made the required finding as to whether the relief requested by Plaintiff would cause <u>undue</u> interference with the pending state proceeding. *See* ECF No. [38] at 11. Therefore, the Eleventh Circuit vacated the Order and remanded to this Court to make an <u>undue</u> interference determination.

"[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings." *Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) (citation omitted). "Since the beginning of this country's history, Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal court." *Younger v. Harris*, 401 U.S. 37, 43, (1971). "The *Younger* abstention doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights." *Turner v. Broward Sheriff's Off.*, 542 F. App'x 764, 766 (11th Cir. 2013) (citing *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.7 (11th Cir. 2004).

Under *Younger*, absent "extraordinary circumstances a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *See Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983). Principles of equity, comity and federalism warrant abstention in deference to ongoing state proceedings. *Younger* abstention applies to claims for injunctive relief and to claims for declaratory judgment that would effectively enjoin state proceedings. *Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir.

3

1997). For *Younger* abstention to apply, state judicial proceedings must be ongoing and the relief sought must interfere with the state proceedings, the proceedings must implicate important state interests, and the federal plaintiff must have an adequate opportunity to raise constitutional challenges in the state proceedings. *31 Foster Children v. Bush*, 329 F.3d 1255, 1275-76 (11th Cir. 2003). Moreover, "[f]ederal courts have consistently recognized th[e] limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." *Hughes*, 377 F.3d at 1263. The exceptions to the *Younger* abstention doctrine are when: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id*. at 1263 n.6 (citing *Younger*, 401 U.S. at 45, 53-54).

For the first factor, *Younger* abstention is not triggered unless the federal relief would create "an *undue* interference on state proceedings." *Wexler v. Lepore*, 385 F.3d 1336, 1341 (11th Cir. 2004) (emphasis in original). The requested relief may unduly interfere with a state proceeding if it would disrupt the normal course of action in the state proceeding, even if the relief sought would not terminate an ongoing proceeding. *31 Foster Children*, 329 F.3d at 1276. Whether a federal proceeding would interfere with the state proceeding turns on the relief requested and the effect it would have on the state proceeding. *Id*.

The Eleventh Circuit noted in its Mandate that Plaintiff's allegations and the entries on the state court docket do not make clear why Plaintiff is still being detained despite his alleged eligibility for a bond on his state court charges, if he is subject to an immigration detainer, if there are issues with his bond related to the state proceedings, or what venue he has to challenge his bond issues in state court. ECF No. [38] at 11. Therefore, the Eleventh Circuit observed that "[t]o date, we remain uncertain what connection, if any, there is between the state case and any alleged

immigration detainer, and observe that resolving this issue may be relevant to addressing on remand whether Davis's requested relief would cause undue interference with the state proceeding." *Id*. at 11-12 n.2.

As such, the Court has reviewed both the publicly accessible BSO arrest records and the records of the Executive Office for Immigration Review ("EOIR"), which provide clarification regarding the connection between Plaintiff's immigration hold and the criminal charges pending against him in state court.[1] According to the EOIR, Plaintiff was ordered removed by an immigration judge in Miami on August 1, 2012. According to Plaintiff's BSO arrest record, he is subject to an immigration hold related to his pending state court case, Broward County case number 17010564CF10A.[2] Nevertheless, the state court docket reflects that on June 14, 2018, the court entered an order stating that "[t]he bond discharged on 9/26/2017 was done in error. Bond on Count I and III shall remain at $50,000 each count. The Bond on Count II shall be set at $5,000. The Court shall accept af[f]idavit to remain on Bond for Count 1 and 3."[3] Thereafter, there is no indication on the state court docket of any further action upon the bond. As such, it would appear that absent the immigration hold, Plaintiff would be eligible for bond on his state court charges.

In the instant case, Plaintiff asserts in pertinent part that he has been unconstitutionally

---

[1] The Court takes judicial notice of Plaintiff's arrest record from the Broward Sheriff's Office, which is accessible at https://apps.sheriff.org/arrestsearch?d=y, and the Automated Case Information from the Executive Office for Immigration Review, accessible at https://portal.eoir.justice.gov/InfoSystem/CourtInfo. *See* Fed. R. Evid. 201; *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (court may take judicial notice of public filings "for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents"); *Universal Express, Inc. v. U.S. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (courts may take judicial notice of public records, such as a complaint filed in another court). The Court also attaches these documents to this Order.

[2] The Court also takes judicial notice of the Broward County Circuit Court's online docket, which can be found at https://browardclerk.org/Web2.

[3] The Court has attached the state court order to this Order.

5

detained by BSO in violation of his Fourth Amendment rights since 2017, and he therefore seeks declaratory and injunctive relief against BSO, DHS, and ICE related to the detainer, which prevents him from bonding out on his state charges. Here, given that Plaintiff would appear to be eligible for bond on his state court charges *but for* the detainer, the Court cannot conclude that this case would constitute undue interference with the pending state criminal proceedings. Indeed, the legality of the immigration detainer and continued detention pursuant to it are not issues that can be raised in defense of the prosecution on his state criminal charges. *See Gerstein v. Pugh*, 420 U.S. 103, 108 n.9 (1975) (approving district court's refusal to abstain under *Younger*, where injunction requested was directed at legality of pretrial detention without a judicial hearing—an issue that could not be raised in defense of the criminal prosecution). As such, the Court concludes upon further review that the first fact under *Younger* is not satisfied. Abstention is therefore not warranted.

Accordingly, the Court will permit Plaintiff to submit a Second Amended Complaint and a new motion to proceed *in forma pauperis* ("IFP") for the Court's consideration, should he wish to continue to prosecute his claims.[4] Plaintiff shall file his Second Amended Complaint and IFP motion, **no later than October 22, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 17, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

---

[4] Plaintiff previously sought leave to amend to provide more facts, which request the Court denied in the Order, based on its previous incomplete abstention analysis.

Case No. 20-cv-60677-BLOOM

Copies to:

Peter Davis, *pro se*
381701573
Paul Rein Detention Facility D7
P.O. Box 407003
Fort Lauderdale, FL 33360